UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

QUINTON MAYS,

    Plaintiff,

v.                                        Case No: 5:22-cv-179-JSM-PRL

FRITO-LAY, INC.,

    Defendant.

## ORDER

On November 3, 2022, the Court granted in part Defendant's motion to compel and ordered Plaintiff to pay to Defendant the reasonable attorney's fees and expenses incurred by counsel in preparing and filing the motion. (Doc. 16). The Court directed Defendant to file an affidavit supporting the request for fees and expenses and permitted Plaintiff to file a response in opposition ten days thereafter. As directed, Defendant filed the Affidavit of Attorneys Daniel K. Miles and Dawn Siler-Nixon. (Doc. 17). Plaintiff has not filed a response in opposition and the time for doing so has passed.

Because the Court has already found that Defendant is entitled to its reasonable expenses and attorney's fees incurred in preparing and filing the motion to compel, the only issue still open for consideration is the amount of the reasonable expenses and fees. Defendant's counsel, Daniel K. Miles and Dawn Siler-Nixon, represent that they expended a total of 4.4 hours in preparing and filing the motion to compel.[1] They seek to recover an hourly rate of $320.00. Thus, Defendant seeks to recover $1,408.00 in total attorney's fees.

---

[1] David K. Miles represents that he billed 3.8 hours and Dawn Siler-Nixon billed 0.6 hours.

- 2 -

Because Plaintiff failed to file a response in opposition, the Court lacks the benefit of the scrutiny and analysis of the requested fees from the opposing party. *See, e.g.*, *Godoy v. New River Pizza, Inc.,* 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that adversarial process normally aids the court in determining whether amount of attorney's fees requested is reasonable). Nonetheless, even in the absence of a response from Plaintiff, the Court has a duty to ensure that the requested fees are reasonable. And the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Considering the experience of counsel, the Court's knowledge of market rates in the Ocala Division, the complexity of the case, and the issues the motion to compel raises, the Court agrees that the requested fees are reasonable and appropriate. Accordingly, within **ten (10) days** of this Order, Plaintiff shall remit to Defendant **$1,408.00,** which represents the reasonable attorney's fees incurred in the preparation and filing of the motion to compel.

**DONE** and **ORDERED** in Ocala, Florida on December 21, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties